UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LATISHA A. REYNOLDS o/b/o E.S.R.,

              Plaintiff,

   -vs-

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
              Defendant.

**No. 1:12-CV-00492 (MAT)
DECISION AND ORDER**

---

## I. Introduction

Represented by counsel, Latisha A. Reynolds ("plaintiff") has brought this action on behalf of her infant son ("E.S.R.") pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## II. Procedural History

The record reveals that on October 13, 2009, plaintiff filed an application for SSI benefits on behalf of E.S.R. (d/o/b February 19, 2002), alleging disability as of August 1, 2009, due to attention deficit hyperactivity disorder ("ADHD"), "compulsive aggressive behavior," and learning disability. See T. 160. Plaintiff's application was denied, and she requested a hearing, which was held before administrative law judge William R. Pietz ("the ALJ") on June 21, 2011. The ALJ issued an unfavorable

decision on July 19, 2011. The Appeals Council denied review of that decision. This timely action followed.

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, plaintiff's motion is denied, and the Commissioner's cross-motion is granted.

**III. Applicable Law**

**A.   Standard of Review**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhard, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

**B.   Legal Standard for Disability Claims of Children**

To qualify as disabled under the Act, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I). The plaintiff must show that: (1) the child was not engaged in substantial gainful activity; (2) the child had a "severe"

2

impairment or combination of impairments; and (3) the child's impairment(s) met, medically equaled, or functionally equaled the severity of a listed impairment. 20 C.F.R. § 416.924. At the third step, "[f]or a child's impairment to functionally equal a listed impairment, the impairment must 'result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain.'" Encarnacion ex rel. George v. Astrue, 586 F.3d 72, 75 (2d Cir. 2009) (quoting 20 C.F.R. § 416.926a(a)). A child's limitations are evaluated in the context of the following six domains of functioning:

    (1)    acquiring and using information;
    (2)    attending and completing tasks;
    (3)    interacting and relating with others;
    (4)    moving about and manipulating objects;
    (5)    caring for oneself; and
    (6)    health and physical well-being.

20 C.F.R. § 416.926a(b)(1).

**IV. The ALJ's Decision**

The ALJ found, at the first step, that E.S.R. was a school-age child (see 20 C.F.R. § 416.926a(g)(2)) who was not engaged in substantial gainful activity. At the second step, the ALJ found that E.S.R. suffered from three severe impairments: ADHD, intermittent explosive disorder, and nocturnal enuresis. At the third step, the ALJ found that E.S.R. did not suffer from an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.924, 416.925,

416.926). In so finding, the ALJ considered E.S.R.'s functioning in the six domains, and assessed a marked limitation in interacting and relating with others; less than marked limitations in acquiring and using information, attending and completing tasks, and caring for himself; and no limitations in moving about and manipulating objects and in health and physical well-being. T. 19-32.

## V.  Discussion

Plaintiff contends that (1) the ALJ erred in finding a less than marked impairment in the domain of attending and completing tasks; (2) the ALJ erred in finding a less than marked impairment in the domain of caring for yourself; and (3) new and material evidence submitted with plaintiff's complaint warrants remand.

### A.  Attending and Completing Tasks

The ALJ found that E.S.R. had a less than marked limitation in attending and completing tasks, noting E.S.R.'s ADHD diagnosis and the fact that he performed better while medicated for that condition. The domain of attending and completing tasks looks at an individual's ability to "focus and maintain [] attention, . . . begin, carry through, and finish [] activities, including the pace at which [one] perform[s] activities and the ease with which [one] change[s] them." 20 C.F.R. § 416.926a(h). Limitations in this domain include being easily startled, distractive, or overreactive to sounds, sights, movements, or touch; failure to complete activities of interest; repeatedly becoming sidetracked from activities or frequent interruption of others; becoming easily

frustrated and giving up on tasks; and requiring extra supervision to keep engaged in an activity. Id.

The ALJ's conclusion that E.S.R. had a less than marked limitation in this domain is supported by substantial evidence, which was reviewed thoroughly by the ALJ in his decision. The ALJ specifically reviewed evidence from various sources, including treating and consulting medical providers and educational records. Dr. Thomas Ryan completed a consulting child psychiatric evaluation in December 2009, and found on mental status examination that E.S.R. demonstrated coherent and goal-directed thought processes, his attention and concentration were "[g]enerally intact," and he could perform simple addition and subtraction, but could not do serial 3s "but he [was] only 7 years of age." T. 220. Dr. Ryan opined that E.S.R. could "generally attend to, follow, and understand age-appropriate directions, [and] complete age-appropriate tasks." Id. Dr. T. Andrews, who completed a childhood disability evaluation that same month, found that E.S.R. had a less than marked limitation in this domain. Dr. Andrews' comments focused mainly on E.S.R.'s behavioral and disciplinary problems, which included an incident in which he assaulted a teacher and injured her ankle, for which E.S.R. was suspended from school for two months. Dr. Andrews also noted that plaintiff had previously refused to place E.S.R. on medication for his attention and impulse control problems.

In an October 2009 evaluation, school psychologist Dr. Reginald Roberts noted that E.S.R. was "distractible but could be redirected in the 1:1 setting." T. 306. Dr. Roberts stated that E.S.R. was a "pleasure to work with" and that he "worked hard." Id. A teacher questionnaire submitted by E.S.R.'s special education teacher, Suzanne Nowakowski, noted "very serious" problems in this domain in the areas of focusing long enough to finish an assigned task, carrying out multi-step instructions, completing class/homework assignments, and working at a reasonable pace and finishing on time. Ms. Nowakowski also noted a "serious" problem in working without distracting self or others, and "obvious" problems paying attention when spoken to directly, refocusing to a task when necessary, and carrying out single-step instructions; but only "slight" problems waiting to take turns, changing from one activity to another without being disruptive, and completing work accurately without careless mistakes; and no problems in sustaining attention during play/sports activities and organizing his own things or school materials. Ms. Nowakowski commented that when E.S.R. was "on" for the day, "he [was] able to do excellent work," but that "his very short attention span and his impulsivity to focus on what he wants" impeded his progress. T. 279. The Court notes that plaintiff argues that the ALJ "discounted" Ms. Nowakowski's evaluation (Doc. 18-1 at 24), but the Court disagrees. The ALJ's decision, which gave Ms. Nowakowski's opinion "some" weight, specifically states that he considered her opinion that E.S.R. had

some serious and very serious problems in this domain, but also points out her comment that E.S.R. was able to do excellent work at times. As noted above, her opinion also assessed several areas in this domain in which E.S.R. had less than serious limitations.

Medical evidence in the record indicates that E.S.R. was eventually placed on medication in March 2011. At a follow-up appointment in May 2011, plaintiff reported that the medication "was very helpful," and that she had received "no calls from [the] school from teachers for the time [E.S.R.] was [taking the medication]." T. 269.

Substantial evidence supports the ALJ's conclusion that E.S.R. had a less than marked limitation in this domain, especially considering E.S.R.'s response to medication once prescribed. As the ALJ pointed out, the consulting medical sources and educational records focused chiefly on E.S.R.'s behavioral and disciplinary issues, whereas assessments regarding attention to tasks were less extreme, with Dr. Andrews specifically finding a less than marked limitation even prior to E.S.R.'s beginning medication. See generally Diaz v. Shalala, 59 F.3d 307, 315 (2d Cir. 1995) (opinions of consultative and state agency physicians can constitute substantial evidence). The ALJ's decision also reflects application of the proper legal standards, with citation to proper legal authority and a thorough review of the evidence.

**B.    Caring for Yourself**

The domain of caring for yourself relates to how well an individual "maintain[s] a healthy emotional and physical state," including how well one gets "physical and emotional wants and needs met in appropriate ways, . . . cope[s] with stress and changes in . . . environment," and whether one "takes care of [his] own health, possessions, and living area." 20 C.F.R. § 416.926a(k). Limitations in this domain include limitations in bathing and dressing oneself, self-soothing behaviors, self-injurious behaviors, disturbance in eating or sleeping patterns, and failure to spontaneously pursue enjoyable activities or interests. Id.

In reviewing this domain, the ALJ noted that "[a]lthough [E.S.R. had] problems controlling his anger and sometimes exhibit[ed] aggressive and inappropriate behavior towards others, he [was] able to care for his personal hygiene, dress himself and perform chores with reminders." T. 29. The ALJ also noted that there was no evidence in the record of self-injurious behavior, he was not in counseling, and he had shown behavioral improvement since taking medication. The ALJ once again reviewed the consulting reports of Drs. Ryan and Andrews. Dr. Andrews' actually found that E.S.R. had *no* limitation in this domain, whereas the ALJ, recognizing that it was "reasonable to conclude that the claimant *could* himself become injured" with continued aggressive behavior against others, found a less than marked limitation. Id. (emphasis added).

The ALJ also recounted several "very serious" problems that Ms. Nowakowski found in this domain. These included very serious limitations handling frustration appropriately, being patient when necessary, identifying and appropriately asserting emotional needs, using appropriate coping skills to meet demands of the school environment, and knowing when to ask for help. Ms. Nowakowski also found less than serious limitations in several areas of this domain, however, and her commentary focused largely on E.S.R.'s interaction with others, as opposed to any effects this interaction had on his ability to care for himself. The ALJ noted that E.S.R. had been in counseling, which plaintiff terminated after only six visits, and that he was not currently in counseling because plaintiff consistently refused it. Once again, the ALJ noted that plaintiff's behaviors had improved with medication.

Plaintiff argues that E.S.R.'s limitations in interacting and relating with others (in which domain the ALJ found a marked limitation) should be extrapolated to the domain of caring for oneself. However, the ALJ considered findings from multiple sources that specifically, and separately, considered the domain of caring for yourself. Also, as noted above, the ALJ's decision reflects his consideration of the potential for self-injury through aggressive behavior toward others, but the ALJ concluded, based on other substantial evidence, that this possibility did not rise to the level of a marked impairment in this particular domain.

Plaintiff once again points to Ms. Nowakowski's opinion, and argues that the ALJ erred in giving the opinion only "some" weight. See T. 32. However, although Ms. Nowakowski did find several areas in which E.S.R. had a very serious limitation in this domain, she also found less than serious limitations in several areas. Moreover, the ALJ also relied upon the consulting opinion of Dr. Andrews, who actually found no limitation whatsoever in this domain. Considering the record evidence, the ALJ did not err in declining to afford Ms. Nowakowski's opinion greater weight.

Ultimately, although there is evidence in the record that may support a different conclusion, substantial evidence nevertheless supports the ALJ's finding in this domain. See, e.g., Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) ("[W]hether there is substantial evidence supporting the appellant's view is not the question here; rather, we must decide whether substantial evidence supports *the ALJ's decision*.") (emphasis in original) (citing Selian v. Astrue, 708 F.3d 409, 417 (2d Cir. 2013) ("If there is substantial evidence to support the [agency's] determination, it must be upheld.")).

**C.   New and Material Evidence**

Plaintiff's complaint attached various documents, consisting of education records dated November 2011 through April 2012. (Doc. 1 at 11-51). In order to establish that evidence is new and material, and thus warrants reconsideration of the Commissioner's decision, an appellant must show that the evidence was not only

absent from the record during the administrative process, but also that the evidence is "both relevant to the claimant's condition during the time period for which benefits were denied[,] and probative." Jones v. Sullivan, 949 F.2d 57, 60 (2d Cir. 1991) (quoting Tirado v. Bowen, 842 F.3d 595, 597 (2d Cir. 1988) (internal quotation marks and citations omitted).

A review of the evidence submitted with plaintiff's complaint reveals that it is relevant to a time period after the ALJ's decision. The ALJ issued his decision on July 19, 2011. All of the new records submitted by plaintiff were completed after that date and relate to the 2011-2012 school year. Although it is true that the documents reflect some consideration of E.S.R.'s development prior to the 2011-2012 school year in terms of formulating an ongoing plan for his education, they offer nothing new to an analysis of his impairments during the relevant time period. Because the new evidence relates to a time following the ALJ's decision and adds no new perspective to a consideration of his condition during the relevant time period, the evidence is neither material nor probative.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Doc. 18) is denied, and the Commissioner's cross-motion (Doc. 19) is granted. The ALJ's finding that E.S.R. was not disabled during the relevant period is supported by substantial

evidence in the record, and accordingly, the complaint is dismissed in its entirety with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                          **S/Michael A. Telesca**
                                          HON. MICHAEL A. TELESCA
                                        United States District Judge

Dated:   October 16, 2015
        Rochester, New York.